*Fee Paid*

*Filed*

JAMES DAL BON
CA BAR #157942
LAW OFFICES OF JAMES DAL BON
28 NORTH 1ST SUITE 210
SAN JOSE, CA 95113
TEL (408)297-4729
FAX (408)297-4728

**Filed**

E-FILING

FEB 0 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

ATTORNEY FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

C08    00780 JW

GERARDO ESPINOZA , MARIEL PACHO )
                                )
ARELI HERNANDEZ                  )
                                )
          Plaintiffs,            )
                                )
     vs.                         )
                                )
MEXICALI RESTAURANT GROUP, INC   )
                                )
DAVID VILLANUEVA  and DOES 1-10  )
                                )
          Defendants             )
                                )
                                )
                                )

Case No.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL:
  1) Violation of California Labor Code
     Section 510;
  2) Violations of the Federal Fair Labor
     Standards Act;
  3) Violation of California Business and
     Professions Code Section 17200; and
  4) Violation of California Labor Code
     Section 201; and
  5) Violation of California Labor Code
     Section 226.

**NATURE OF CLAIM**

1.  This is an action on behalf of GERARDO ESPINOZA , MARIEL PACHO  ARELI

    HERNANDEZ   who have been employed on an hourly basis by MEXICALI

    RESTAURANT GROUP, INC., DAVID VILLANUEVA  and DOES 1-10 during the

    last four years prior to the filing of this Complaint, seeking damages arising from

    employer's failure to pay overtime as required by the Fair Labor Standards Act and the

    California Wage Orders and statutes. Plaintiffs seeks compensatory damages for unpaid

COMPLAINT - 1

wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), waiting time penalties under California Labor Code § 203, damages for inadequate pay statements under California Labor Code Section 226, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

## PARTIES

2.  At all times relevant herein, Plaintiffs GERARDO ESPINOZA is an individual resident of San Jose, California.

3.  At all times relevant herein, Plaintiffs MARIEL PACHO is an individual resident of San Jose, California.

4.  At all times relevant herein, Plaintiffs PEDRO LUIS SANTIAGO is an individual resident of San Jose, California.

5.  At all times relevant herein, Defendant MEXICALI RESTAURANT GROUP, INC. , INC., is a corporation having its principal place of business in Los Altos, California.

6.  At all times relevant herein, Defendant DAVID VILLANUEVA is an individual doing business in San Jose, California.

7.  Individual Defendants DOES 1-10, at all times relevant herein, are, according to information and belief, owners, managers, directors, associates, related to, or employees of MEXICALI RESTAURANT GROUP, INC. , INC., having control over the Plaintiffs' work condition and work situation.

## GENERAL ALLEGATIONS

8.  At all times relevant herein, Plaintiffs were employees of defendants MEXICALI RESTAURANT GROUP, INC., and DAVID VILLANUEVA doing business as a restaurant in San Jose, California.

9. Plaintiffs were according to information and belief, employees of Defendants acting in the normal course and scope of their employment duties with Defendants.

10. During the course of Plaintiffs' employment with MEXICALI RESTAURANT GROUP, INC., Plaintiffs regularly worked in excess of 8 hours per day and more than 40 hours per week.

11. Plaintiffs were paid on an hourly basis.

12. Plaintiffs did not perform "exempt" duties in his position as a construction worker with MEXICALI RESTAURANT GROUP, INC., and thus were not subject to any exemption under the Fair Labor Standards Act, *29 CFR 541.112, 541.209 and 541.209.* The Plaintiffs were not even marginally responsible for management or administrative functions, and his primary job did not require him to exercise independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of his working time.

13. At no time during the Plaintiff's employment did Plaintiffs maintain any professional license with the state or practice any recognized profession, nor did Plaintiffs exclusively manage any division of MEXICALI RESTAURANT GROUP, INC., where he customarily and regularly exercised discretionary powers or perform services of management. Plaintiffs did not directly supervise any employees nor did he participate in the development of general administrative policies of MEXICALI RESTAURANT GROUP, INC., .

## COUNT ONE: VIOLATION OF CA LABOR CODE SECTION §510
## FAILURE TO PROPERLY PAY OVERTIME WAGES

14. Plaintiffs re-allege and incorporate paragraphs 1-13 as if fully stated herein.

15. California Labor Code Section 501, applicable at all times relevant herein to Plaintiffs' employment by Defendants, provides that all employees are entitled to payment at the

rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.

16. During the course of employment with Defendants, Plaintiffs regularly worked in excess of 8 hours a day and 40 hours per week, however Defendant's knowingly and willingly failed to pay Plaintiffs overtime wages as required by law.

17. California Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

18. Defendants therefore owe Plaintiffs overtime wages not properly paid to Plaintiffs in an amount to be determined at trial.

19. Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs the amount owed.

20. Defendants' failure to pay Plaintiffs the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

21. Pursuant to Labor Code Section 1194(a), Plaintiffs requests that the court award Plaintiffs reasonable attorney's fees and costs incurred by him in this action.

## COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PROPERLY PAY OVERTIME WAGES

22. Plaintiffs re-allege and incorporate paragraphs 1-21 as if fully stated herein.

23. At all relevant times herein, Plaintiffs' employment were subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and Plaintiffs were individual employees covered by virtue of Plaintiffs' direct engagement in interstate commerce.

24. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

25. Although Plaintiffs were not so exempt during employment with MEXICALI RESTAURANT GROUP, INC., and DAVID VILLANUEVA defendants knowingly caused and permitted Plaintiffs to regularly work in excess of forty hours per week without paying Plaintiffs one and one half of Plaintiffs' regular rate of pay.

26. By not paying overtime wages in compliance with the FLSA, defendants violated Plaintiffs' rights under the FLSA.

27. As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages.

28. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs proper wages, and thus defendants are liable to Plaintiffs for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

29. Defendants therefore owe Plaintiffs overtime not properly paid to Plaintiffs, in an amount to be determined at trial.

30. Plaintiffs were required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

**COUNT THREE: VIOLAITON OF CA LABOR CODE SECTION 201**

**FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES**

31. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-31 as if fully stated herein.

32. At the time Plaintiffs' employment with MEXICALI RESTAURANT GROUP, INC., and DAVID VILLANUEVA were terminated, defendant's owed Plaintiffs certain unpaid overtime wages in amounts previously alleged.

33. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

34. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making defendants liable to Plaintiffs for penalties equal to thirty (30) days wages, in an amount to be determined at trial.

35. Pursuant to Labor Code Section 218.5, Plaintiffs requests that the court award Plaintiffs reasonable attorney's fees and costs incurred in this action.

36. Pursuant to Labor Code Section 218.6, Plaintiffs requests that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

## COUNT FOUR: VIOLATION OF CA BUSINESS AND PROFESSIONS CODE SECTION 17200 UNFAIR BUSINESS PRACTICES

37. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-36 as if fully stated herein.

38. At all times relevant herein, Plaintiffs' employment with MEXICALI RESTAURANT GROUP, INC., and DAVID VILLANUEVA were subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by law.

39. At all times relevant herein, as the employer of Plaintiffs, defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiffs overtime pay as required by applicable California Labor Code and applicable Wage Orders.

40. During the period Plaintiffs were employed with MEXICALI RESTAURANT GROUP, INC., and DAVID VILLANUEVA defendants failed to pay Plaintiffs legally required overtime pay to which he were legally entitled, with defendants keeping to themselves the amount which should have been paid to Plaintiffs.

41. In doing so, defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving them a competitive advantage over other employers and businesses with whom defendants were in competition and who were in compliance with the law.

42. As a direct and proximate result of defendants' violations and failure to pay the required overtime pay, the Plaintiffs' rights under the law were violated and the Plaintiffs incurred general damages in the form of unpaid wages in an amount to be determined at trial.

43. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs overtime pay due.

44. Plaintiffs, having been illegally deprived of the overtime pay to which he were legally entitled, herein seeks restitution of such wages pursuant to the Business and Professions Code §17203 in an amount to be determined at trial.

## COUNT FIVE: VIOLATION OF CALIFORNIA LABOR CODE SECTION 226
## INADEQUATE PAY STATEMENTS

45. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-44 as if fully stated herein.

46. California Labor Code Section 226 provides that all employers shall provide to employees accurate and complete wage statements including, but not to limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked

during the pay-period, a complete and itemized statement of deductions, net wages earned, the dates fir which payment is being made, any and all applicable piece rates, and the current address ad name of the employer.

47. California Labor Code Section 226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or 50$ for the first inadequate pay statement and 100$ for each inadequate statement thereafter.

48. During the course of Plaintiffs' employment, defendants consistently failed to provide Plaintiffs with adequate pay statements as required by California Labor Code §226.

49. Defendants failed to provide such adequate statements willingly and with full knowledge of their obligations under Section 226.

50. Defendants' failure to provide such adequate statements has caused injury to the Plaintiffs.

51. Plaintiffs are therefore legally entitled to recover actual damages caused by defendants' failure to provide proper records, in an amount to be determined at trial.

52. Plaintiffs has incurred costs and fees in bringing this action and seeks to recover such costs under California Labor Code §226.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays for the following relief:

53. For compensatory damages per CA Labor Code §1194 for unpaid overtime wages in an amount to be determined;

54. For liquidated damages per the FLSA equal to unpaid overtime wages in an amount to be determined at trial;

55. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount to be determined at trial;

56. For waiting time penalty damages of thirty days wages to Plaintiffs, pursuant to California Labor Code § 203 in an amount to be determined at trial;

57. Damages and penalties for inadequate pay statements pursuant to California Labor Code Section 226 in an amount to be determined at trial;

58. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

59. Plaintiffs asks the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

60. For costs of suit herein; and

61. For such other and further relief as the Court may deem appropriate.

JANUARY 28, 2008

JAMES DAL BON
LAW OFFICES OF JAMES
DAL BON
28 NORTH 1ST STREET
SUITE 210,
SAN JOSE, CA 95113

1  JAMES DAL BON
   CA BAR #157942
   LAW OFFICES OF JAMES DAL BON
2  28 NORTH 1ST STREET SUITE 210
   SAN JOSE, CA 95113
3  (408)297-4279

4
   ATTORNEY FOR PLAINTIFFS
5

6                    UNITED STATES DISTRICT COURT

7                             FOR THE

8                 NORTHERN DISTRICT OF CALIFORNIA

9

10                                      )   Case No:
    GERARDO ESPINOZA , MARIEL PACHO     )
11                                      )   DEMAND FOR JURY TRIAL
    ARELI HERNANDEZ                     )
12                                      )
            Plaintiffs,                 )
13                                      )
        vs.                             )
14                                      )
    MEXICALI RESTAURANT GROUP, INC. , ) )
15                                      )
    INC., and DAVID VILLANUEVA  and     )
16                                      )
    DOES 1-10                           )
17                                      )
            Defendants                  )
18
    Plaintiffs demand a jury trial.
19

20

21

22
                                    JAMES DAL BON
23                                  DAL BON AND WANG
                                    28 North 1st Street Suite 210
24                                  San Jose, CA 95113

25

JS-44 - No. CALIF  (Rev. 4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

**I.(a) PLAINTIFFS**

GERARDO ESPINOZA , MARIEL PACHO  ARELI HERNANDEZ

**DEFENDANTS**

MEXICALI RESTAURANT GROUP, INC.  , INC., and DAVID VILLANUEVA  and DOES 1-10

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED .

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Law Offices of James Dal Bon
28 North 1st Street Suite 210,  San Jose, CA 95113

ATTORNEYS (IF KNOWN)

C08    00780    JW

## II. BASIS OF JURISDICTION  (PLACE AN "•" IN ONE BOX ONLY)

☐ 1  U.S. Government
      Plaintiff

☐ 2  U.S. Government
      Defendant

☐ 3

☐ 4  Diversity
      (Indicate Citizenship of
      Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "•" IN ONE BOX FOR

(For diversity cases only)                AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN          (PLACE AN "•" IN ONE BOX ONLY)

☐ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transfered from
    Another district
    (specify)

☐ 6 Multidistrict
    Litigation

☐ 7 Appeal to
    District Judge from
    Magistrate Judgment

## V. NATURE OF SUIT  (PLACE AN "•" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure of | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐140 Negotiable Instrument | Liability | ☐ 365 Personal Injury | Property 21 USC 881 | | ☐ 450 Commerce/ICC Rates/etc |
| ☐150 Recovery of Overpayment | ☐320 Assault Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐151 Medicare Act | ☐330 Federal Employers | Injury Product Liability | ☐ 650 Airline Regs | ☐ 830 Patent | Corrupt Organizations |
| ☐152 Recovery of Defaulted | Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 810 Selective Service |
| Student Loans (Excl Veterans) | ☐340 Marine | ☐ 370 Other Fraud | Safety/Health | | ☐ 850 Securities/Commodities/ |
| ☐153 Recovery of Overpayment | ☐345 Marine Product | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | **SOCIAL SECURITY** | Exchange |
| of Veteran's Benefits | Liability | ☐ 380 Other Personal | | | ☐ 875 Customer Challenge |
| ☐160 Stockholders Suits | ☐350 Motor Vehicle | Property Damage | | | 12 USC 3410 |
| ☐190 Other Contract | ☐355 Motor Vehicle | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt Relations | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐195 Contract Product Liability | Product Liability | Product Liability | ☐ 730 Labor/Mgmt Reporting & | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization |
| | ☐360 Other Personal Injury | | Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | Act |
| | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl.Ret. Inc. Security | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐210 Land Condemnation | ☐441 Voting | ☐ 510 Motion to Vacate Sentence | Act | ☐ 870 Taxes (US Plaintiff or | ☐ 900 Appeal of Fee |
| ☐220 Foreclosure | ☐442 Employment | **Habeas Corpus:** | | Defendant | Determination Under |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐ 530 General | | ☐ 871 IRS - Third Party | Equal Access to Justice |
| ☐240 Torts to Land | ☐444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 950 Constitutionality of State |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐ 540 Mandamus & Other | | | Statutes |
| ☐290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

## VII. REQUESTED IN
COMPLAINT:

☐CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $  120,000.00

☐CHECK YES only if demanded in complaint:
JURY DEMAND    ☐ YES    ☐ NO

## VIII. RELATED CASE(S) IF ANY    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)  (PLACE A "•" IN ONE BOX ONLY)  ☐ SAN FRANCISCO/OAKLAND

DATE
2/1/08

SIGNATURE OF ATTORNEY OF RECORD