1  JEREMY S. MILLSTONE, ESQ. (SBN 166901)
   JOY C. ROSENQUIST, ESQ. (SBN 214926)
2  **MILLSTONE PETERSON & WATTS, LLP**
   *Attorneys at Law*
3  2267 Lava Ridge Court, Suite 210
   Roseville, CA  95661
4  Phone:916.780.8222
   Fax:    916.780.8775
5
   Attorneys for Defendants
6  Mexicali Restaurant Group, Inc.
   and David Villanueva
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  GERARDO ESPINOZA; MARIEL PACHO;     ) Case No. 5:08-CV-00780
    ARELI HERNANDEZ,                     )
12                                       )  **DEFENDANTS' ANSWER TO**
                                         )  **COMPLAINT**
13          Plaintiffs,                  )
            vs.                          )
14                                       )
                                         )
    MEXICALI RESTAURANT GROUP, INC.;     )  **(DEMAND FOR JURY)**
15  DAVID VILLANUEVA and DOES 1 -10,     )
                                         )
16          Defendants.                  )
                                         )
17                                       )
                                         )
18                                       )
                                         )
19

20          Defendants Mexicali Restaurant Group, Inc., a California corporation ("**MRG**"), and David

21  Villanueva ("**Villanueva**") (collectively, "**Defendants**") answer Plaintiffs' Complaint as follows:

22          1.      Defendants admit that the action is brought on behalf of Plaintiffs; that Plaintiffs were

23  employed by MRG; and that Plaintiffs Espinoza and Hernandez were paid hourly.  Defendants deny

24  Plaintiffs were employed by Villanueva or that Plaintiff Pacho was paid hourly.  Defendants cannot

25  answer the remaining allegations contained in Paragraph 1 because they are legal conclusions and,

26  on that basis, Defendants deny them.

27          2.      Defendants are without knowledge or information sufficient to form a belief as to the

28  truth of the allegations contained in Paragraph 2 and, on that basis, Defendants deny them.


MILLSTONE
PETERSON&
WATTS, LLP

DEFENDANTS' ANSWER TO COMPLAINT

1    3.    Defendants are without knowledge or information sufficient to form a belief as to the

2    truth of the allegations contained in Paragraph 3 and, on that basis, Defendants deny them.

3    4.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations contained in Paragraph 4 and, on that basis, Defendants deny them.

5    5.    Defendant MRG admits it is a corporation formed under the laws of the State of

6    California. Defendants deny the remaining allegations.

7    6.    Admit.

8    7.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations contained in Paragraph 4 and, on that basis, Defendants deny them.

10    8.    Defendants admit Plaintiffs were employees of MRG. Defendants deny the

11    remaining allegations in Paragraph 8.

12    9.    Defendants admit Plaintiffs were employees of MRG. Defendants deny the

13    remaining allegations in Paragraph 9.

14    10.    Deny.

15    11.    Defendants admit Plaintiffs Espinoza and Hernandez were paid hourly. Defendants

16    deny the remaining allegations in Paragraph 11.

17    12.    Defendants admit Plaintiffs Espinoza and Hernandez did not perform exempt duties.

18    Defendants deny the remaining allegations in Paragraph 12.

19    13.    Defendants are without knowledge or information sufficient to form a belief whether

20    Plaintiffs maintained any professional license or practiced any recognized profession and, on that

21    basis, denies the allegation. Defendants admit that Plaintiffs did not exclusively manage any

22    division of MRG and that Plaintiffs Espinoza and Hernandez did not supervise employees or

23    participate in policy development. Defendants deny the remaining allegations.

24    14.    Defendants incorporate their responses to Paragraphs 1 through 13 above as though

25    fully set forth herein.

26    15.    Defendants cannot answer the allegations contained in Paragraph 15 because they

27    present only legal conclusions.

28    16.    Deny.

2

DEFENDANTS' ANSWER TO COMPLAINT

1          17.     Defendants cannot answer the allegations contained in Paragraph 17 because they

2     state only legal conclusions.

3          18.     Deny.

4          19.     Deny.

5          20.     Defendants cannot answer the allegations contained in Paragraph 20 because they

6     state only legal conclusions rather than fact allegations.

7          21.     Defendants cannot answer the allegations contained in Paragraph 20 because they

8     state only legal conclusions rather than fact allegations.

9          22.     Defendants incorporate their responses to Paragraphs 1 through 21 above as though

10    fully set forth herein.

11         23.     Defendants cannot answer the allegations contained in Paragraph 23 they state only

12    legal conclusions rather than fact allegations.

13         24.     Defendants cannot answer the allegations contained in Paragraph 24 they state only

14    legal conclusions rather than fact allegations.

15         25.     Deny.

16         26.     Deny.

17         27.     Deny.

18         28.     Deny.

19         29.     Deny.

20         30.     Deny.

21         31.     Defendants incorporate their responses to Paragraphs 1 through 30 above as though

22    fully set forth herein.

23         32.     Deny.

24         33.     Defendants cannot answer the allegations contained in Paragraph 33 they state only

25    legal conclusions rather than fact allegations.

26         34.     Deny.

27         35.     Defendants cannot answer the allegations contained in Paragraph 35 because they

28    state only a request for relief (attorney fees and costs).

DEFENDANTS' ANSWER TO COMPLAINT

36.    Defendants cannot answer the allegations contained in Paragraph 26 because they state only a request for relief (interest).

37.    Defendants incorporate their responses to Paragraphs 1 through 36 above as though fully set forth herein.

38.    Defendants admit Plaintiffs were employed by MRG.  Defendants cannot answer the remaining allegations contained in Paragraph 38 because they state only legal conclusions.

39.    Defendants admit Plaintiffs were employed by MRG.  Defendants deny MRG failed to pay overtime when earned.  Defendants cannot answer the remaining allegations contained in Paragraph 39 because they state only legal conclusions.

40.    Defendants admit Plaintiffs were employed by MRG.  Defendants deny MRG failed to pay overtime timely when it was earned.

41.    Deny.

42.    Deny.

43.    Deny.

44.    Defendants deny Plaintiffs were deprived of earned overtime.  Defendants cannot answer the remaining allegations contained in Paragraph 44 because they state only a request for relief (restitution).

45.    Defendants incorporate their responses to Paragraphs 1 through 44 above as though fully set forth herein.

46.    Defendants cannot answer the allegations contained in Paragraph 46 because they state only legal conclusions rather than fact allegations.

47.    Defendants cannot answer the allegations contained in Paragraph 47 because they state only legal conclusions rather than fact allegations.

48.    Deny.

49.    Deny.

50.    Deny.

51.    Deny.

/ / /

DEFENDANTS' ANSWER TO COMPLAINT

52.    Defendants cannot answer the allegations contained in Paragraph 52 because they state only a request for relief (attorney fees and costs).

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State a Claim for Relief)

Each of Plaintiff's purported claims against Defendants fail to state facts sufficient to constitute a claim for relief.

### SECOND AFFIRMATIVE DEFENSE
### (Exemption)

Plaintiff Pacho is exempt from the state and federal laws requiring premium pay for overtime work.

### THIRD AFFIRMATIVE DEFENSE
### (Good Faith)

Defendants in good faith dispute that any wages are due Plaintiffs, as Defendant MRG already has timely paid to Plaintiffs all wages they earned.

**WHEREFORE**, Defendants pray for judgment as follows:

1.    That Plaintiff take nothing by the Complaint;

2.    That Defendants receive an award of costs of suit herein;

3.    That Defendants receive an award of attorneys fees and costs pursuant to Labor Code section 218.5; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

5

DEFENDANTS' ANSWER TO COMPLAINT

1    4.    That Defendants recover such other and further relief as the Court deems just and

2  proper.

3  DATED:  May 13, 2008                MILLSTONE, PETERSON & WATTS, LLP
                                        *Attorneys at Law*
4

5

6                                       By:_____/s/ JEREMY S. MILLSTONE_____
                                                    JEREMY S. MILLSTONE
7

8                                       Attorneys for Defendants
                                        Mexicali Restaurant Group, Inc.
                                        and David Villanueva
9

10     I hereby attest that I have on file all holograph signatures for any signatures indicated by a
   "conformed" signature (/s/) within this e-filed document.
11

12 **MILLSTONE PETERSON & WATTS, LLP**
   *Attorneys at Law*
13 /s/ Jeremy S. Millstone

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

DEFENDANTS' ANSWER TO COMPLAINT