1  JEREMY S. MILLSTONE, ESQ. (SBN 166901)
   JOY C. ROSENQUIST, ESQ. (SBN 214926)
2  **MILLSTONE PETERSON & WATTS, LLP**
   *Attorneys at Law*
3  2267 Lava Ridge Court, Suite 210
   Roseville, CA  95661
4  Phone: 916.780.8222
   Fax:    916.780.8775
5
   Attorneys for Defendants
6  Mexicali Restaurant Group, Inc.
   and David Villanueva
7
   JAMES DAL BON, ESQ. (SBN 157942)
8  **LAW OFFICES OF JAMES DAL BON**
   28 North 1st, Suite 210
9  San Jose, CA 95113
   Phone: 408.297.4729
10 Fax:    408.297.4728

11 Attorneys for Plaintiffs
   Gerardo Espinoza, Mariel Pacho and
12 Areli Hernandez

13                    UNITED STATES DISTRICT COURT

14                    NORTHERN DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| GERARDO ESPINOZA; MARIEL PACHO; ARELI HERNANDEZ, | Case No. 5:08-CV-00780 |
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT/RULE 26(f) REPORT; [PROPOSED] ORDER** |
| vs. | |
| MEXICALI RESTAURANT GROUP, INC.; DAVID VILLANUEVA and DOES 1 -10, | Date:   September 15, 2008 |
| Defendants. | Time:   10:00 a.m. |
| | Courtroom:  8 |

25  / / /

26  / / /

27  / / /

28  / / /

1. **Jurisdiction and Service.**

   a. Basis for Court's subject matter jurisdiction over Plaintiff's claims: Fair Labor Standards Act.

   b. Whether any issues exist regarding personal jurisdiction or venue: No.

   c. Whether any parties remained to be served: No; all parties have been served.

2. **Facts.**

   Plaintiffs' Statement: Plaintiff alleges that Defendants misclassified and/or failed to pay Plaintiff's at the legally required overtime rate for all overtime hours worked by Plaintiffs during the four years preceding the filing of the Complaint. Plaintiffs further allege that Defendants failed to pay them all wages due at the time of their termination (i.e., the unpaid overtime wages) and that paystubs received from Defendants lack the information required by Labor Code § 226.

   Defendants' Statement: Defendants deny misclassifying Plaintiffs, or any of them, or failing to pay Plaintiffs overtime when they worked overtime hours. Plaintiff Areli Hernandez has never been terminated but rather remains employed by Defendant MRG.

3. **Legal Issues.**

   a. Whether Plaintiffs, or any of them, were misclassified by Defendants as exempt employees not eligible for overtime pay.

   b. Whether Defendant MRG willfully failed to pay all wages due and owing to Plaintiffs Espinoza and Pacho when they separated their employment.

4. **Motions.**

   No motions are pending. Defendants anticipate bringing a motion for summary adjudication or summary judgment following completion of discovery.

5. **Amendment of Pleadings.**

   Plaintiffs do not anticipate amending their complaint.

   At this time Defendants do not anticipate amending their answer.

6. **Evidence Preservation.**

   Defendants have been instructed to retain, and have retained, all wage and wage-related records pertaining to Plaintiffs.

**7. Disclosures.**

The Parties have not yet made their initial Rule 26 disclosures. They anticipate doing so by thirty days.

**8. Discovery.**

No discovery has occurred to date.

Plaintiffs anticipate the following discovery: propounding special interrogatories, requests for admission, deposition and document demands on each Plaintiff, to be completed within 150 days.

Defendants anticipate propounding special interrogatories, requests for admission, and document demands on each Plaintiff, to be completed within 150 days.

**9. Class Actions.**

Not applicable.

**10. Related Cases.**

None.

**11. Relief.**

Plaintiffs seek to recover their unpaid wages (amount unspecified); the maximum Labor Code § 203 penalty (30 days' wages) because of Defendants' alleged failure to pay all wages due Plaintiffs at the time of their terminations; and a Labor Code § 226 penalty (up to $4,000) for Defendants' alleged failure to provide accurate, itemized paystubs. Plaintiffs also seek to recover liquidated damages (i.e., doubling of the alleged unpaid wages), pre-judgment interest, and reasonable attorney fees and costs.

**12. Settlement and ADR.**

Defendants have filed their ADR certification statements.

The Parties have stipulated to mediation. The Court has assigned the case to mediation, to be completed by November 7, 2008.

**13. Consent to Magistrate Judge for All Purposes.**

The Parties consent to a magistrate judge for all purposes.

///

JOINT CASE MANAGEMENT STATEMENT/RULE 26(F) REPORT

**14.  Other References.**

The Parties have stipulated to mediation. The Court has assigned the case to mediation, to be completed by November 7, 2008. The parties do not anticipate the need for any further reference.

**15.  Narrowing of Issues.**

The case is not overly complex; the issues already are relatively narrow. If the parties determine a further narrowing of the issues is appropriate and can be achieved, they will work together to do so via stipulation.

**16.  Expedited Schedule.**

This case can be handled on an expedited basis.

**17.  Scheduling.**

The Parties submit the following proposed discovery and trial schedule:

| | |
|---|---|
| Discovery cut-off: | January 20, 2009 |
| Hearing dispositive motions: | April 15, 2009 |
| Expert disclosure: | November 20, 2008 |
| Pre-trial conference: | May 25, 2009 |
| Trial: | July 2009 |

**18.  Trial.**

Plaintiffs' Statement: This case is best suited for a bench trial; however, Plaintiff's counsel believes that it will take three to five days since the parties speak Spanish and require translators.

Defendants' Statement: This case is best-suited for a bench trial, which Defendants expect to take no more than two days.

/ / /

/ / /

/ / /

/ / /

/ / /

JOINT CASE MANAGEMENT STATEMENT/RULE 26(F) REPORT

**19.    Disclosure of Non-Party Interested Entities or Persons.**

To Defendants' knowledge, there are no non-party interested entities or persons.

DATED: July 7, 2008                             **MILLSTONE, PETERSON & WATTS, LLP**
                                                *Attorneys at Law*


By:_____/s/ JEREMY S. MILLSTONE_____
           JEREMY S. MILLSTONE

Attorneys for Defendants
Mexicali Restaurant Group, Inc.
and David Villanueva

DATED: July 3, 2008                             **LAW OFFICES OF JAMES DAL BON**


By:_____/s/ JAMES DAL BON_____
       **(As Authorized on 7/3/08)**
           JAMES DAL BON

Attorneys for Defendants
Mexicali Restaurant Group, Inc.
and David Villanueva

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

**MILLSTONE PETERSON & WATTS, LLP**
*Attorneys at Law*
/s/ Jeremy S. Millstone